Steptoe v. City of Syracuse

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand thirteen.

PRESENT:
> AMALYA L. KEARSE,
> ROBERT A. KATZMANN,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

LeChristian Steptoe,

*Plaintiff-Appellant*,

v.                                                                    11-5231

City of Syracuse, The Genesee Grande
Hotel,

*Defendants-Appellee*s.

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT**:** | LeChristian Steptoe, *pro se*, Cambridge, MA. |
| FOR DEFENDANT-APPELLEE CITY OF SYRACUSE**:** | Joseph Robert Harris Doyle, Assistant Corporation Counsel, *for* Mary Anne Doherty, Corporation Counsel of the City of Syracuse, Syracuse, NY. |

FOR DEFENDANT-APPELLEE THE
GENESEE GRANDE HOTEL**:**     Paul G. Ferrara,
                            Costello, Cooney & Fearon, PLLC,
                            Syracuse, NY.

Appeal from the judgment of the United States District Court for the Northern District of New York (McCurn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and orders of the district court are **AFFIRMED**.

Plaintiff-Appellant LeChristian Steptoe, a law school graduate proceeding *pro se*, appeals from the district court's (1) December 2010 order denying Steptoe's motion for partial summary judgment; (2) November 2011 order and judgment granting the defendants' summary judgment motions in Steptoe's 42 U.S.C. § 1983 action; and (3) June 2011 order denying Steptoe's motion for discovery sanctions.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Steptoe argues on appeal that the district court and magistrate judge erroneously denied his motion for partial summary judgment against the Genesee Grande Hotel ("the Hotel") because (1) the court improperly excused the Hotel's failure to respond to his statement of material facts and (2) his evidence established that he was entitled to judgment as a matter of law.  First, while the Hotel indeed failed to respond to Steptoe's statement of material facts, Steptoe's statement was itself deficient under the applicable local rules. The relevant Local Rule provided, *inter alia*, that, in the moving party's statement of material facts, "[e]ach fact listed shall set forth a specific citation to the record where the fact is established," and the "[f]ailure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion." *See* N.D.N.Y. L.R. 7.1(a)(3) (2010) (emphasis removed).  Steptoe,

however, failed to set forth complete citations to the record. Thus, because the district court could have denied his motion simply due to his failure to comply with the Local Rule, it was not error for the court to disregard both his statement of facts and the Hotel's failure to respond. Second, upon our own independent review of the record, we agree with the district court that Steptoe's motion was premature given that the parties had yet to engage in any meaningful discovery. Therefore, we affirm the denial of Steptoe's motion for partial summary judgment.

Additionally, we affirm the district court's November 2011 grant of summary judgment to both the Hotel and the City of Syracuse. Steptoe did not object to the magistrate judge's report and recommendation suggesting that the district court grant the defendants' summary judgment motions. Failure to timely object to a magistrate judge's report and recommendation "may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object." *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). While we may excuse such a waiver "in the interests of justice," *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993), we see no justification to do so here. When the defendants moved for summary judgment, Steptoe did not file an opposition to defendants' summary judgment motions and explicitly told the district court that he "inten[ded] to abandon all claims against the defendants." Moreover, the magistrate judge's report and recommendation properly informed Steptoe of the consequences of his failure to object. In any event, our independent review of the record and relevant case law reveals that all of Steptoe's claims against the City and the Hotel were without merit.

Lastly, we discern no abuse of discretion in the denial of Steptoe's motion for discovery sanctions because the evidence Steptoe sought in that motion—certain surveillance footage—was not relevant to any of the live issues in the case. *See S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 143 (2d Cir. 2010) (district court's decision regarding discovery sanctions reviewed for an abuse of discretion). Steptoe asserted that the footage was necessary to demonstrate that he did not enter the Hotel through a side entrance one night in September 2009. The means of Steptoe's entry into the Hotel that evening, however, had no bearing on the relevant issues of (1) whether the Hotel acted under color of state law within the meaning of § 1983 and (2) whether, after leaving the Hotel following his interaction with Hotel employees, Steptoe returned to the premises later that evening without a legitimate purpose. Thus, we affirm the denial of Steptoe's motion for discovery sanctions.

We have considered all of Steptoe's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4